# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3355 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Scavenger Sale Investors L.P. vs. Robert Anthony Bryant | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Court grants Scavenger Sale Investors L.P.'s motion for summary judgment [20-1] on the issue of liability and sets a prove up on the issue of damages for Wednesday, 3/29/00 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | MAR 2 4 2000 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | 3/21/2000 | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| DK | courtroom deputy's initials | | Date/time received in central Clerk's Office | DK mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

<table>
<tr><td>

SCAVENGER SALE INVESTORS<br>
L.P., an Arizona Limited Partnership,<br>
<br>
        **Plaintiff**<br>
<br>
        **vs.**<br>
<br>
ROBERT ANTHONY BRYANT,<br>
a/k/a TONY BRYANT,<br>
<br>
        **Defendant.**

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

**No. 99 C 3355**<br><br>
**Magistrate Judge Morton Denlow**

</td></tr>
</table>

DOCKETED MAR 24 2000

## MEMORANDUM OPINION AND ORDER

This is a simple collection action on a loan agreement. Plaintiff loaned Defendant $1,752,685.38. Defendant has not repaid the loan. Defendant is liable for the principal and interest due.

Plaintiff Scavenger Sale Investors L.P. ("Investors") instituted this action against Robert Anthony Bryant, also known as Tony Bryant ("Bryant"), alleging breach of contract of a Loan Agreement dated July 8, 1997 entered into between the parties. Investors now moves for summary judgment on the issue of liability. For the reasons stated below, Investor's motion for summary judgment is granted on the issue of liability and a hearing will be set on the issue of damages.

## I. BACKGROUND FACTS

### A. Business Interests of Parties

Investors is an Arizona limited partnership, of which David B. Zlotnick and Albert M. Zlotnick are general partners. The partnership was formed for the limited purpose of funding a loan

to Bryant in order to purchase tax certificates at the 1997 Cook County, Illinois Scavenger Sale of Tax Delinquent Property. None of the general or limited partners is a citizen of Illinois.

Bryant is a citizen of Illinois and is in the business of buying tax certificates at the bi-annual Cook County, Illinois Scavenger Sale for Tax Delinquent Property through his company Tax Sale Investments ("TSI"). During the scavenger sale, the Treasurer's office of Cook County conducts a public auction from which buyers can purchase tax certificates corresponding to the delinquent taxes owed on various real estate properties throughout the county. The buyer receives a return on his purchase in one of two ways: 1) the owner of the delinquent property has six months to pay the tax owed plus interest and redeem the tax certificate from the buyer, or 2) if the owner does not redeem the tax certificate, the purchaser of the tax certificate receives a deed to the property from the county granting clear title, enabling the deed holder to sell the property.

**B. Loan Agreement**

On July 8, 1997, Albert M. Zlotnick and David B. Zlotnick (collectively "the Zlotnicks") entered into a Loan Agreement ("Loan Agreement") with Bryant in which the Zlotnicks agreed to loan Bryant up to $2,000,000 for the purpose of financing Bryant's purchase of tax certificates at the 1997 Cook County Scavenger Sale. The Loan Agreement states that the Zlotnicks entered into the agreement "through a partnership or other business entity to be formed by them." (Loan Agreement p.1). The Loan Agreement also provides for an annual interest rate of 40%, with all principal and interest due on or before December 21, 1998. (Loan Agreement p.4 ¶ 5). In addition, Bryant agreed to pay the Zlotnicks $33,000 on or before December 31, 1997 as reimbursement for "escrow fees, accounting fees, and other costs incurred by Lenders." (Loan Agreement p.5 ¶7).

Regarding construction, the Loan Agreement states in pertinent part,

> Except as expressly stated herein, this Agreement constitutes the entire agreement between the parties, and there are no other collateral or oral agreements between the parties.
>
> . . . .
>
> This is an agreement between commercial parties, each of whom has had the opportunity to negotiate the terms and consult counsel. This Agreement shall be construed in accordance with its plain meaning and shall not be construed in favor of either party. This agreement shall be governed by the substantive law of the State of Arizona.

(Loan Agreement p.6 ¶ 12; p.7 ¶¶14&15).

An Addendum to Agreement ("Addendum") was entered into on June 3, 1998 between Bryant and the Zlotnicks "acting on behalf of Scavenger Sale Investors Limited Partnership ('SSILP')" amending the Loan Agreement of July 8, 1997. (Addendum p.1). The Addendum states that "Bryant has not been able to make and has not made all of the payments required by paragraph 5 of the Loan." (Addendum p.1). The purpose of the Addendum was "to provide further protections and compensation to SSILP in light of Bryant's failure to make the required payments." (Addendum p.1). The Addendum provides , "The Escrow Agent shall not release to Bryant any tax certificates unless (1) Bryant advances 150% of the face amount of the certificates or (2) the Zlotnicks consent in writing to the release." (Addendum ¶1). The Addendum also provides that, effective May 1, 1998, all payments from Bryant would be applied first to principal, and that only when Bryant is current on his principal payments would his payments then be applied to interest. (Addendum ¶2). In addition, the Addendum provides that all accrued interest would be added to the principal of the loan at the rate stated in the loan.(Addendum ¶3). In all other respects, the Loan Agreement remained unchanged. (Addendum ¶4). The Addendum was "AGREED by and among Bryant, Zlotnicks, and SSILP." (Addendum p.1).

## C. Non Payment

Pursuant to the Loan Agreement, Investors loaned Bryant $1,752,685.56. (Pl.'s Rule 56.1 Stmt. ¶10; Def.'s Resp. ¶ 10). As of December 21, 1998, the due date required by the Loan Agreement, the entire principal and interest were not repaid. (Pl.'s Rule 56.1 Stmt. ¶13). The Zlotnicks made repeated requests of Bryant to repay the loan, to which Bryant responded that he is unable to do so. (Pl.'s Rule 56.1 Stmt. ¶¶15&16; Def.'s Resp. ¶¶15&16). Subsequently, Investors brought a breach of contract action to enforce the Loan Agreement. Investors now brings a summary judgment motion, claiming there is no issue of material fact and that it is entitled to judgment as a matter of law. The Court agrees.

## II. STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S.317, 322, 106 S.Ct. 2548, 2552 (1986).

When reviewing the record on summary judgment, the court must draw all reasonable inferences in the light most favorable to the nonmoving party. *See Larimer v. Dayton Hudson Corp.*, 137 F.3d 497, 500 (7th Cir. 1998). To avert summary judgment, however, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986). A dispute about a material fact is genuine only if the evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

# III. ANALYSIS

The Court finds no genuine issue of material fact from which a reasonable party could return a verdict for Bryant. There is no dispute that Bryant received the $1,752,685.38 pursuant to the Loan Agreement that was entered into on July 8, 1997. Similarly, there is no dispute that Bryant did not repay the entire principal and interest due, either on the due date set forth in the Loan Agreement or any time thereafter.

Bryant raises two affirmative defenses, namely 1) privity of contract does not exist between Investors and Bryant and 2) the interest rate charged was usurious. (Def.'s Resp. to Mot. for Summ. J.¶3). He also claims that the Zlotnicks were investors, with no guaranteed return, not lenders. (Def.'s Resp. to Mot. for Summ. J.¶4). Furthermore, he questions whether Investors is a bona fide limited partnership with authorization to sue. (Def.'s Resp. to Mot. for Summ. J.¶1). Finally, he claims that if Investors is, in fact, a partnership, partnerships cannot sue in firm name and that Investors does not have standing to sue.(Def.'s Resp. to Mot. for Summ. J.¶1). The Court finds each of these arguments unpersuasive, and need not tarry long to dispel these roadblocks.

## A. Defendant is in Privity of Contract With Plaintiff

Bryant is in privity of contract with Investors, as is evidenced by the Loan Agreement and the Addendum. The gist of Bryant's argument is that he entered into an agreement with the Zlotnicks, not Investors, and that Investors does not have standing to sue because it was not a party to the Loan Agreement. The Court finds this argument without merit.

The Loan Agreement clearly states that the Zlotnicks were acting on behalf of "a partnership or other business entity to be formed by them." (Loan Agreement p.1). Any doubts as to whether the Zlotnicks were acting on their behalf or on behalf of a business entity is quickly cleared up by the

Addendum, which states that the Zlotnicks are acting "on behalf of Scavenger Sale Investors Limited Partnership ('SSILP')" and that the Addendum was "agreed by and among Bryant, Zlotnicks, and SSILP." (Loan Agreement p.1). Any reservations that Bryant may have had regarding with which party he was entering into the agreement should have been addressed at the time he negotiated and executed the Loan Agreement and Addendum. It is clear from the plain language of the executed documents that he entered into the contract with Investors.

## B. The Interest Rate is Not Usurious.

The stated interest rate included in the Loan Agreement of 40% is not usurious. Bryant's argument that the interest rate, which he, in fact, advertises in his promotional literature, violates Arizona usury laws lacks merit. Arizona law, which governs the substantive legal issues in this case, provides that on commercial loans, "[i]nterest on any loan, indebtedness, judgment or other obligation shall be at a rate of ten per cent per annum, unless a different rate is contracted for in writing, in which event any rate of interest may be agreed to." ARIZ. REV. STAT. § 44-1201 A. This statute, in effect, lifted the ceiling on interest rates. *Morrison v. Shanwick International Corporation*, 167 Ariz.39, 804 P.2d 768 (Ariz. Ct. App. 1990). In *Morrison*, The Arizona Court of Appeals upheld a written loan agreement that "expressly provided a rate of interest which is equivalent to 60% interest per annum." *Morrison*, 167 Ariz. at 45, 804 P.2d at 774. Thus, this Court finds that the 40% interest rate agreed to by the parties is supported by both Arizona statute and case law.

As for the $33,000 in fees provided for in the loan agreement, the Court declines to rule whether these are considered additional interest. However, assuming arguendo that fees would be considered interest, this would effectively raise the interest rate on the loan to 41.9%, which is also supported by Arizona statute and case law.

## C. Parties Are In a Creditor/Debtor Relationship

The Zlotnicks, acting on behalf of Investors, are creditors of, not investors in or partners with, Bryant. Without directly alleging a unilateral mistake defense, Bryant argues that the Zlotnicks were investors with no guaranteed return, not lenders. (Def.'s Resp. to Mot. for Summ. J.¶3). Bryant claims, "Said offer had no guarantee and was an investment including the risks thereof like a partnership." (Bryant's Aff. ¶3). He further purports, "I thought that the Zlotnicks were joining me as partners and investors and that the money offered and received by me was not a loan per se but their way of handling the opportunity available to us. . . . I signed the Addendum to Agreement but did not know the liabilities that was asked me [sic] to incur." (Bryant's Aff. ¶8&9). Finally, he claims, "I did not seek counsel for either of these documents." (Bryant's Aff. ¶11). The Court finds Bryant's claims unpersuasive.

The Loan Agreement plainly is captioned "Loan Agreement." (Loan Agreement p.1). The Zlotnicks are clearly referred to as "Lenders." (Loan Agreement p.1). The funds to be advanced are referred to as "principal." "Interest" on the principal is clearly and plainly contemplated, with a due date of December 21, 1998 for both interest and principal. (Loan Agreement p.3-5). The Loan Agreement also requires that it "shall be construed in accordance with its plain meaning and shall not be construed in favor of either party." Given the language, terms, and plain meaning of the agreement, this is undoubtedly the type of document that is associated with a creditor/debtor relationship. The Loan Agreement makes no mention of an equity investment, a partnership with Bryant, a return on equity, or any other terms which would generally be associated with "an investment including the risks thereof like a partnership."

Notably, Bryant's claims of ignorance and financial unsophistication are in direct conflict with his previous claims of experience and expertise. Attached to Bryant's affidavit is a promotional piece of literature stating, "We are professional tax buyers. This is what we do." (Ex. 1 p.1 of Bryant's Aff.). The piece also claims, "We have an in-house legal department that specializes exclusively in this very unusual area of Real Estate Law. . . . Our legal representation is the very finest attorney in this very specialized area of real estate law and has been around for 12 years." (Ex. 1 p.1&2 of Bryant's Aff.). The literature further claims, "We also have expertise in finance." (Ex. 1 p.1 of Bryant's Aff.). It is, therefore, incredulous that Bryant now purports he does not know the difference between a loan and an equity investment, given that he has "the very finest attorney" in his field and that he has "expertise in finance."

No reasonable jury could find that the funds advanced by Investors to Bryant represented an equity investment, as opposed to the loan that was agreed to on July 8, 1997.

## D. Investors Is An Arizona Limited Partnership and General Partners Have Authorization to Sue in the Name of the Partnership

Bryant next questions whether Investors is even a bona fide limited partnership and whether the general partners have authorization to bring a lawsuit. This argument is also fatally flawed.

Investors is a certified limited partnership which gives the power to bring or defend a lawsuit to its general partners, the Zlotnicks. Investors proffers a Certificate of Limited Partnership from the Arizona Secretary of State stating that the Zlotnicks are the only two general partners. (Supplemental Decl. of David B. Zlotnick Ex. D). Also attached to David B. Zlotnick's Supplemental Declaration is a copy of the Limited Partnership Agreement of Scavenger Sale Investors Limited Partnership ("Limited Partnership Agreement"). The Limited Partnership Agreement names the Zlotnicks as

general partners (Limited Partnership Agreement p.1) and states "The purpose and general character of the business of the Partnership is to fund a loan to R. Anthony Bryant for the limited purpose of financing some or all of his purchases of Tax Certificates at the 1997 Cook County, Illinois, Scavenger Sale of Tax Delinquent Property. The Partnership may take such actions as may be in furtherance of the foregoing purposes." (Limited Partnership Agreement p.2) The Limited Partnership Agreement gives the general partners or either of them the power to "effectuate and carry out the purposes, business and objectives of the Partnership" including the power to "enter into, execute and carry out contracts and agreements" and to "bring and defend actions at law or in equity and use Partnership funds to pay the expenses of such actions." (Limited Partnership Agreement p.6 ¶7.02 (iv)&(vi)).

### E. Investors Has Standing to Sue in the Name of the Partnership

Investors has standing to sue Bryant in Federal Court and has the capacity to sue under Federal Rules of Civil Procedure and Illinois Rules of Civil Procedure. Bryant alleges that under Illinois and Arizona law, pursuant to *Excalibur Oil, Inc. v. Sullivan*, 659 F. Supp. 1539 (N.D.Ill. 1987), partnerships cannot sue in firm name. He also alleges that Investors is a "non person" and therefore has "no standing." Bryant misrepresents the law, which a cursory review of the common law and statute would have revealed.

First, partnerships have the capacity to sue in partnership name. Capacity to sue is governed by Fed. R.Civ.P. 17(b) which provides in pertinent part the following:

> The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held.

Fed. R.Civ.P. 17(b).

Thus, because this suit was filed in the District Court of Illinois, we must look to Illinois law to determine whether a partnership has capacity to sue in partnership name. Illinois Code of Civil Procedure provides the following: "A partnership may sue or be sued in the names of the partner as individuals doing business as the partnership, or in the firm name, or both." 735 ILL. COMP. STAT. 5/2-411(a).

Bryant cites *Excalibur*, 659 F.Supp. 1539, a 1987 case based on Illinois common law and ILL. REV. STAT. Ch. 110, ¶2-411(a), the predecessor to 735 ILL. COMP. STAT. 5/2-411(a), which required partnerships to sue in the name of the individual partners. This statute was superceded effective September 1, 1989, with the present language to allow firms to sue in partnership name. *Keneco Financial Group, Inc. v. United Parcel Service General Services Co.*, 1990 WL 114472 (N.D.Ill. 1990).

Second, Investors has standing to sue. "To establish standing, (1) the plaintiff must have suffered a concrete, particularized and actual injury in fact (2) that is causally connected to the complained of conduct and (3) redressable by a favorable decision." *McSpadden v. Marozas*, 1998 WL 142452 (N.D.Ill. 1998) citing *United States v. Hays*, 515 U.S. 737, 742-43, 115 S.Ct. 2431 (1995). Investors clearly meets the qualifications for standing. Investors suffered a monetary loss that was directly related to Bryant's breach of the contract entered into between Bryant and Investors. Furthermore, the loss can be redressed by a favorable decision of this Court.

## III. CONCLUSION

For the foregoing reasons, **the Court grants Scavenger Sale Investors L.P.'s motion for summary judgment on the issue of liability and sets a prove up on the issue of damages for Wednesday, March 29, 2000 at 9:30 a.m.**

**SO ORDERED THIS 22ND DAY OF MARCH, 2000.**

_[signature: Morton Denlow]_

**MORTON DENLOW**
**United States Magistrate Judge**

Copies Mailed To:
Timothy J. Storm
Storm & Gottesman
Suite 3400
30 North LaSalle Street
Chicago, Illinois 60602
312-346-6800
Attorneys for Plaintiff

David B. Zlotnick
Suite 1750
1010 Second Avenue
San Diego, California 92101
619-232-0331
Attorney of Counsel for Plaintiff

Patrick H. Smyth
105 West Madison
Suite 2300
Chicago, Illinois 60602
312-263-2397
Attorney for Defendant





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3355 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Scavenger Sale Investors vs. Robert Anthony Bryant | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10)■ [Other docket entry] Defendant's motion to for leave to extend time to 3/31/00 to produce documents in accordance with the Court's order is granted. Plaintiff's motion for imposition of sanctions against Defendant for defiance of this court's order pursuant to Fed.R.Civ.P.37 is denied. Status hearing set for 3/23/00 is stricken.

(11) [For further detail see

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | MAR 24 2000 | | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 3/22/2000 | |
| | | | | date mailed notice | |
| DK | courtroom deputy's initials | | Date/time received in central Clerk's Office | DK mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5955 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Konold vs. Central Baptist Children's Home | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for leave to file oversized memorandum in opposition to the Central Baptist defendants' and the DCFS defendants separate motions for transfer pursuant to 28 U.S.C. § 1404(a), instanter is granted.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 24 2000 | |
| ✓ | Docketing to mail notices. | date docketed | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | docketing deputy initials | |
| **OR** | courtroom deputy's initials | date mailed notice | |
| | | 00 MAR 23 PM 6:56 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6955 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Mellon Mortgage vs. Antonio Santiago et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion for judgment of foreclosure [6-1] is continued to 4/6/00 at 9:00 a.m.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

TSA   courtroom deputy's initials

number of notices

MAR 2 4 2000

date docketed

docketing deputy initials

date mailed notice

Date/time received in central Clerk's Office

mailing deputy initials

Document Number

9





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 6065 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Citrus International & Asso., Inc. vs. Dimak International, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Citation to discover assets served on Broadway Bank is dismissed. Enter order directing Citibank, by its representative to appear on 4/26/00 at 9:30 a.m. for rule to show cause.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | MAR 2 4 2000 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| DK | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CITRUS INTERNATIONAL & ASSOCIATES,
INC., as assignee of COCAMAR
INTERNATIONAL, INC.,

        Plaintiff,

      -vs-

DIMAK INTERNATIONAL, INC., an Illinois
Corporation, ZAK KIFARKIS, an individual, and
MARION KIFARKIS, an individual,

        Defendants,

    and

CITIBANK,

        Third-Party Respondent.

No. 96 C 6065

Magistrate Judge Denlow



DOCKETED
MAR 24 2000

## ORDER

THIS CAUSE COMING ON TO BE HEARD on the Citation To Discover Assets served upon Third-Party Respondent CITIBANK; the Court having been fully advised in the premises and there being no response by CITIBANK or its representative to the Citation and Plaintiff having requested that the Court enter a Rule to Show Cause therefor;

NOW, THEREFORE, IT IS ORDERED that the Court does hereby enter a Rule To Show Cause against CITIBANK;

IT IS FURTHER ORDERED that CITIBANK, by its representative, shall appear in Courtroom 2496 of this Court at the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, at ___9:30 a.__.m. on the 26 th day of April, 2000, to show cause, if any they may have, why they should not be held in civil contempt of court for their failure to appear before this Court to answer and respond to a Citation To Discover Assets heretofore served upon it as provided by law and to provide information and documents regarding judgment debtors DIMAK INTERNATIONAL, INC., ZAK KIFARKIS, AND MARION KIFARKIS.

IT IS FURTHER ORDERED that Respondent CITIBANK then and there produce all books, papers or records as set forth in the Citation To Discover Assets.

IT IS FURTHER ORDERED that Respondent CITIBANK be served a copy of this order by service upon its agent authorized to accept service of process.

IT IS FURTHER ORDERED that all of the restraining provisions and liens of the Citation shall remain in full force and effect.

Dated: March 22, 2000

ENTER:

_____

prepared by:
Marc D. Sherman, Esq.
Scott R. Sherman, Esq.
MARC D. SHERMAN, P.C.
7337 North Lincoln Ave. #283
Lincolnwood, IL 60712
847-674-8756

David L. Pinsel, Esq.
36 S. Main St., Suite 103
Park Ridge, IL 60068
847-518-0300

citrus citibank order (ss37)





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5193 | **DATE** | 3/23/2000 |
| **CASE TITLE** | AYALA vs. WASHINGTON, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 6/5/2000 at 9:15 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Discovery cut-off set for 5/31/00. Defendants' motion to correct the court docket to reflect there has not been service upon Michael Neal is granted. The Clerk of the Court is directed to correct the docket sheet to reflect service on defendant Michael Neal has not been executed.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 2 4 2000 | | **39** |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| JHC | courtroom deputy's initials | 00 MAR 23 PM 1:12 | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |





Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 829 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Clyde vs. American Airlines | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　 ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to reassign case as related is denied without prejudice.

*Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | | Document Number |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | MAR 24 2000 | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| TP | courtroom deputy's initials | 00 MAR 23 PM 12 57 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5995 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Akbar vs. University of Chicago Hospital | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 4/14/00 at  10:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]     Counsel has filed an appearance on behalf of plaintiff.  Accordingly, his motion for appointment of counsel [5-1] is denied as moot.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | MAR 2 4 2000 | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | | | date mailed notice | | |
| rs | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5159 | **DATE** | March 23, 2000 |
| **CASE TITLE** | US ex rel Weston  v  Clark | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Petitioner's motion for appointment of counsel is denied without prejudice.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 24 2000 | date docketed | |
| X | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| GDS | courtroom deputy's initials | | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |