# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3355 | **DATE** | 7/26/2001 |
| **CASE TITLE** | Scavenger Sale Investors, L.P. vs. Robert Anthony Bryant | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling on Plaintiff's motion to enforce settlement agreement [74-1] held. Enter Memorandum Opinion and Order. Plaintiff's motion to enforce the settlement agreement [74-1] entered into by the parties to the fullest extent permitted by applicable law is granted. The Court holds that the Agreement permits Plaintiff to recover all amounts still outstanding in accordance with paragraphs 2 and 3 of the Agreement. The parties shall cooperate to calculate and determine the amounts thus due and shall present a judgment order in favor of Plaintiff and against Defendant to be entered on 8/2/01 at 2:00 p.m. in the event payment in full is not made by that date.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | JUL 27 2001 | |
| | Notified counsel by telephone. | | | date docketed | 83 |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | 01 JUL 26 PM 5:13 | 7/25/2001 date mailed notice | |
| DK | courtroom deputy's initials | | Date/time received in central Clerk's Office | DK6 mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCAVENGER SALE INVESTORS )<br>L.P., an Arizona Limited Partnership, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>ROBERT ANTHONY BRYANT, )<br>a/k/a TONY BRYANT, )<br>)<br>Defendant. ) | Case No. 99 C 3355<br><br>Magistrate Judge Morton Denlow |

## MEMORANDUM OPINION AND ORDER JUL 27 2001

Following this Court's recent ruling denying Plaintiff's motion to enter judgment pursuant to the Settlement Agreement ("Agreement"), Plaintiff Scavenger Sale Investors L.P. ("Investors"/"Plaintiff"), has now filed a motion to enforce the parties' April 19, 2000 Agreement. This motion raises the issue of whether Plaintiff is entitled to a judgment in the amount of $1,600,000 minus the payments made by Defendant under the Agreement, or whether Plaintiff is entitled to a judgment in the amount of $1,030,000, plus 12% interest, less payments made. For the reasons set forth herein, the Court holds Plaintiff is entitled to a judgment in the amount of $1,030,000, plus 12% interest, less payments made to date as provided in paragraphs 2 and 3 of the Agreement.



# I. BACKGROUND FACTS

This case was previously before the Court in connection with Plaintiff's motion for summary judgment on the issue of liability and in connection with Plaintiff's motion to re-open the action and enter judgment against Defendant. *Scavenger Sale Investors L.P., v. Bryant*, 2000 WL 360118 (N.D.Ill.) (*"Scavenger I"*); *Scavenger Sale Investors L.P., v. Bryant*, 2001 WL 709441 (N.D.Ill.) (*"Scavenger II"*). The background facts leading up to the settlement agreement are found in those decisions and will not be repeated except as necessary for this decision.

## A. Settlement Agreement

After Bryant defaulted on the Loan Agreement, litigation ensued to collect on the loan. Investors moved for summary judgment and this Court granted Investors' motion on the issue of liability on March 22, 2000. *Scavenger I*. Rather than proceed to trial on the issue of damages, the parties entered into the Agreement which provided a form of judgment in the amount of $1,600,000 plus accrued interest at the rate of 15 percent per annum from April 18, 2000. (Ex. C to Agreement, "Judgment"). The Agreement further provided the Judgment would not be entered in the event Bryant complied with one of two options to repay the settlement amount. However, in the event Bryant did not complete one of the payment options, the Judgment would be entered against him. Following settlement, this Court entered an order dismissing the litigation with prejudice and retaining jurisdiction, by consent of the parties, for the purpose of enforcing settlement.

Therefore, under the Agreement, Bryant faced three options. The first option ("Option 1") was to permit a judgment to be entered in the amount of $1,600,000 plus interest. The second option ("Option 2") was to repay a reduced amount equal to $1,000,000 plus $30,000 representing Investors attorneys' fees, plus interest of 12%. This option required payments of $100,000 immediately, and $75,000 per month every 30 days, with the first payment due on May 18, 2000 and a single payment equal to the balance of the Settlement Amount due no later than January 19, 2000. (Agreement at p.3 ¶3). The third option ("Option 3") required Bryant to pay a total of $900,000 on or before June 13, 2000, with credit for payments made subsequent to the date of the Agreement. (Agreement at p.3 ¶4). Bryant elected to proceed under Option 2 and to date has made payments totaling $946,313.66. In addition, Bryant tendered a check in the amount of $141,113.60 on May 11, 2001 to Plaintiff, which tender was refused. (Ex. 6 to Df's Emerg. Motion To Deposit Tendered Funds).

**B.    Non-Payment**

Pursuant to the Agreement, Bryant owed Investors approximately $1,600,000; however, he could discharge that obligation under Option 2 by paying a reduced Settlement Amount of $1,030,000 plus interest. (Agreement at p.1 ¶ B and p.2 ¶2). Timely payments were made from May 18, 2000 to October 20, 2000. However, Bryant did not make timely payments of the required $75,000 on November 20, 2000 or December 20, 2000. (Ex. D to Pl.'s Motion to Re-open at p.1 ¶2).

Subsequently, Investors brought a motion to re-open the action to enforce the Agreement. Pursuant to Option 2, Bryant was required to complete his payment of the

3

settlement obligation no later than January 19, 2001. (Agreement at p.3, ¶ 3(c)). Bryant made no such payment. (Supp. Decl. of Storm).

### C. Court's Prior Ruling

Plaintiff moved this Court to (1) re-open the action, and (2) enter the judgment order, attached as Exhibit C to the Agreement. Plaintiff's motion to re-open the action was granted and the motion for entry of the judgment order was denied. The Court held the Agreement contained an unenforceable penalty by reason of the proposed judgment because it called for the entry of judgment in the amount of $1,600,000 plus interest, without credit for any payments made under the Agreement. *Scavenger II.* However, the Court's opinion was limited to the ruling on the Plaintiff's motion to re-open and enter a judgment order. The Court left open the issue of the impact of the Defendant's default and the voiding of the proposed judgment order.

### D. Issue in Dispute

The Plaintiff has now filed a motion to enforce the Agreement to the fullest extent permitted by applicable law. The Plaintiff asserts that paragraph 19 of the Agreement provides for construction of void or unenforceable provisions to comply with applicable law and as a result, the Agreement should be construed to provide that the default amount equals $1,600,000, less the payments already made under the Agreement. Defendant asserts that his liability should be determined in accordance with paragraphs 2 and 3 of the Agreement which provide for a settlement amount of $1,030,000, plus 12% interest, less payments to date.

4

## II. ANALYSIS

A. **Controlling Law**

The question presented is how this Court should enforce the Agreement in light of this Court's prior ruling that the proposed judgment order contained in the Agreement is unenforceable as a penalty. Plaintiff contends it is entitled to a judgment in the amount of $1,600,000 minus the $946,313.66 paid by Defendant, for a total of $653,686.34. Plaintiff has waived its claim for interest with respect to its claim in this amount. Defendant contends the Plaintiff is entitled to a judgment in the amount of $1,030,000 plus 12% interest less payments made as provided for in paragraphs 2 and 3 of the Agreement.

This case is controlled by the decision of the Seventh Circuit in *Checkers Eight Ltd. Partnership v. Hawkins*, 241 F. 3d 558 (7th Cir. 2001). In *Checkers,* the parties entered an agreed order settling a case. The agreed order provided that if the defendants paid the plaintiffs a total of $250,000 in a timely manner, the complaint would be dismissed with prejudice. The order also provided that if the payments were not made in a timely manner, judgment for $400,000 minus any settlement payments would be entered against the defendants. The defendants were tardy making some of the payments although they paid $250,000. Plaintiff sought to collect the additional $150,000. The Seventh Circuit held the damages clause to be an unenforceable penalty.

In the case at hand, the Agreement contained an unenforceable penalty by reason of the proposed Judgment because it called for the payments of $1,600,000 plus interest, without

5

credit for any payments made under the Agreement. Such provision was held to be unreasonable in light of the anticipated or actual loss caused by Defendant's breach and was clearly written to secure performance of the contract. Therefore, such provision failed the test laid out in *Checkers*. *Scavenger II*.

The court in *Checkers* held the result of striking a penalty clause was generally, "... plaintiff's are entitled only to the actual damages caused by the Defendant's late payments, as measured by an appropriate interest rate." *Checkers*, 241 F.3d at 562. Therefore, the issue is the remedy the Plaintiff is entitled to as a result of Bryant's default.

### C. Plaintiff's Remedy

Public policy strongly favors the freedom to contract. *Fidelity Fin. Serv., Inc. v. Hicks*, 642 N.E.2d 759, 762 (Ill. App. Ct. 1994) Furthermore, Illinois public policy also favors the resolution of disputes by way of a settlement agreement. *Id.* However, the construction and enforcement of settlement agreements are governed by principles of contract law. *Id.*

The Plaintiff urges the Court to enforce a judgment based on the $1,600,000 which the parties acknowledged was originally owed. In support of this, the Plaintiff quotes the Agreement which provides:

> If any provision of this Agreement is declared void and/or unenforceable, that provision shall be construed, if possible, as necessary to be in compliance with applicable law. In such event, all other provisions of this Agreement shall remain unchanged and in full force and effect. (Agreement at p.6 ¶19).

6

This provision does nothing to rehabilitate paragraph 8 of the Agreement which this Court held was void and unenforceable as a penalty. It is not the function of the court to modify a contract or create terms new or different from those to which the parties have agreed. *The Northern Trust Co. v. Brentwood North Nursing & Rehabilitation Center, Inc.*, 588 N.E.2d 467, 470 (Ill. App. Ct. 1992) (citing *The Northern Trust Co. v. Tarre*, 427 N.E.2d 1217, 1221 (Ill. 1981)). Moreover, courts are not authorized to make contracts for the parties, but must construe them as written, and where plain, common words are used in their ordinary meaning, they must be accepted in that sense. *Shell Oil Co., Inc. v. Manley Oil Corp.*, 124 F.2d 714, 715 (7th Cir. 1941). When the terms of a contract are clear and unambiguous, they must be enforced as written and no court is authorized to re-write a contract to provide a better bargain to suit one of the parties. *Saunders v. Mich. Ave. Nat'l Bank*, 662 N.E.2d 602, 610 (Ill. App. Ct. 1996). Therefore, because the Agreement in this case is clear and unambiguous, the Court will construe the Agreement as written and will not create a new default provision.

Had the Agreement been drafted without a penalty clause, there would not be the issue the Court is faced with today. The Court will not bail out parties who draft unenforceable penalty provisions by re-drafting the contract to create new and different terms. *The Northern Trust Co. v. Brentwood North Nursing & Rehabilitation Center, Inc.*, 588 N.E.2d 467 (Ill. App. Ct. 1992). To do so could encourage parties to overreach, in the expectation that the Court will redraft the agreement, if it is later found to be void. On the other hand, if

7

parties understand that the Court will not redraft void provisions, they will be more prudent in the initial drafting.

Parties to a contract are free to include any terms they choose, as long as those terms are not against public policy and do not contravene some positive rule of law. *Green v. Safeco Life Insurance Co.*, 727 N.E.2d 393, 397 (Ill. App. Ct. 2000). Such a contract is binding on both parties and it is the duty of the court to construe it and enforce the contract as made. *Id.* The law permits parties competent to contract to make their own contracts and the proper function of the court is to enforce such contracts as made, where they do not conflict with any rule of law or good morals or the declared public policy of the state. *Parker-Washington Co. v. City of Chicago*, 107 N.E. 872, 874 (Ill. 1915).

Because the Court previously held Option 1 of the Agreement at issue in this case to be an unenforceable penalty clause, the Court now looks to the remaining two options provided in the Agreement to ascertain the actual damages incurred by the Plaintiff as a result of Defendant's default. *Scavenger II*. Even if the Court applied paragraph 19 of the Agreement quoted above, the Court is still unable to construe Option 1 as anything other than a penalty.

Therefore, the Plaintiff is entitled only to the actual damages caused by the Defendant's late payments, as measured by an appropriate interest rate under Option 2. *Checkers*, 241 F.3d at 562. Absent exceptional circumstances, actual damages caused by late payments are not difficult to measure because interest rates can be used to estimate the time

value of money. *Id.* The Court finds the actual damages suffered by the Plaintiff resulting from Defendant's default equal $1,030,000, less payments already made under the Agreement, plus the interest agreed to by the parties in the Agreement under Option 2 of 12% from April 18, 2000.

### D. Plaintiff Did Not Waive Its Right to a Remedy

Defendant contends that Plaintiff waived the default in payment under Option 2. Although it is not necessary for the decision reached, the Court finds that there was no waiver. The Plaintiff made it very clear upon receipt of each late payment through written correspondence between the parties that it would seek enforcement of the judgment order. (Ex. F, H, J, K, M, O to Pl.'s Reply Memo to Support the Motion to Re-open at p.1 ¶1). Where a party repeatedly and unequivocally states its intention to enforce the agreement, there is no waiver. *Ferrara v. Collins*, 457 N.E.2d 109 (2d Dist. 1983).

Furthermore, the Defendant consistently recognized in such correspondence the consequences of his failure to pay. (Ex. I to Pl.'s Reply Memo to Support the Motion to Re-open at p.1 ¶1). The Defendant knew to a certainty that Plaintiff intended to enforce its rights under the Agreement and cannot now argue he was lulled into believing that compliance with the terms of the Agreement was no longer required. *Ferrara*, 457 N.E.2d at 111.

Finally, the Settlement Agreement specifically provides:

> No failure by SSILP to exercise any remedy under this Agreement shall constitute waiver of any remedy. (Ex. B to Pl's Motion to Enforce the Agreement at p.4 ¶8).

9

The waiver by any party hereto of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach. (Ex. B to Pl's Motion to Enforce the Agreement at p.6 ¶18).

Therefore, even though the Plaintiff accepted partial payments subsequent to the Defendant's default, the Plaintiff did not waive its right to a remedy.

## III. CONCLUSION

For the foregoing reasons, **Plaintiff's motion to enforce the Agreement entered into by the parties to the fullest extent permitted by applicable law is granted. The Court holds that the Agreement permits Plaintiff to recover all amounts still outstanding in accordance with paragraphs 2 and 3 of the Agreement. The parties shall cooperate to calculate and determine the amounts thus due and shall present a judgment order in favor of Plaintiff and against Defendant to be entered on August 2, 2001 at 10:00 a.m. in the event payment in full is not made by that date.**

**SO ORDERED THIS 26th DAY OF JULY, 2001.**

*/s/ Morton Denlow*
**MORTON DENLOW**
**United States Magistrate Judge**

**Copies Delivered in Open Court or Mailed To:**

Timothy J. Storm
Storm & Gottesman
Suite 3400
30 North LaSalle Street
Chicago, Illinois 60602

**Attorney for Plaintiff**

Rufus Cook
Cook & Revak, Ltd.
1626 E. 74th Street
Chicago, Illinois 60649

Patrick H. Smyth
105 West Madison
Suite 2300
Chicago, Illinois 60602

**Attorneys for Defendant**